## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| ANGEL: MARIE-LUCAS, | : | Case No. 1:22-cv-774 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Judge Michael R. Barrett |
| | : | Magistrate Judge Stephanie K. Bowman |
| CORRECTION OFFICER (CO) CASSIDY, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER and
## REPORT AND RECOMMENDATIONS

Plaintiff, using the name Angel: Marie-Lucas, brings a civil rights action in this Court, alleging she was attacked and received inadequate medical care while in pretrial custody at the Scioto County Jail. She is proceeding here *in forma pauperis* and without the assistance of counsel.

The matter is currently before the Court for an initial screening of the Complaint as required by law. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Undersigned concludes that some of Plaintiff's claims should **PROCEED** to further development, as discussed below, and that some claims should be **DISMISSED**.

### I. Initial Screening Standard

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis* (*see* Doc. 11), the Court is required to conduct an initial screening of her Complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must dismiss the Complaint, or any portion of it, that is

frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

A complaint must also be dismissed if it fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915A(b) and 1915(e)(2). To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a

complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

## II. Parties and Claims

Plaintiff Angel: Marie-Lucas was, at the time she submitted the Complaint, a pretrial detainee at the Scioto County Jail. (Complaint,[1] PageID 3, 7). She is currently in state custody[2] in a different facility, but the claims in her Complaint pertain to her time at the Scioto County Jail. (*See* Notice of New Address, Doc. 10; Complaint, PageID 7).

Plaintiff names nine defendants, all of whom appear to be affiliated with or employed by Scioto County in the Sheriff's Office and/or the Scioto County Jail:

    1. Correction Officer (CO) Cassidy;

---

[1] For better readability, the Undersigned will cite to Plaintiff's Complaint, of record as Docket Entry 1, simply as the Complaint.

[2] Plaintiff filed a separate case in this Court pertaining to her arrest and prosecution in the Scioto County, Ohio, Court of Common Pleas. *See Lucas v. Lewis*, No. 1:22-cv-741, 2023 WL 2154680 (S.D. Ohio Feb. 22, 2023) (Cole, J.; Gentry, J.). The two cases are proceeding separately.

2. Scioto County Sheriff Office;

3. Jane Doe 1 RN, later identified as Ricky (*see* Doc. 4);

4. Jane Doe 2 Nurse, later identified as Ashley (*see* Doc. 4);

5. Jane Doe 3 Doctor;

6. Correctional Officer (CO) John Doe Thomas, later identified as Jaylen Thomas (*see* Doc 4);

7. Sgt. Kenneth Aldridge;

8. Correctional Officer (CO) Rebecca Davila; and

9. Correctional Officer (CO) Andy Ness.

(Complaint, PageID 2-6).  Defendants are sued in their official and individual capacities.  (*Id.*, PageID 3-6).

The Complaint primarily concerns events occurring on and after November 6, 2022, at the Jail.  (Complaint, PageID 7, 10).  Plaintiff alleges that on that date, Defendant Cassidy attacked her after a brief conversation.  (Complaint, PageID 11-12).  She says that he "slammed" her, causing her to hit her head on the floor and lose consciousness.  (Complaint, PageID 12).  When Plaintiff awoke, Cassidy was punching her in the face.  (*Id.*).  She also implies that Cassidy allowed or did not prevent another inmate from "putting her knee on my throat to make me stop breathing" during these events.  (*Id.*; *see also* Complaint, PageID 11).

Plaintiff was taken to "booking" and locked down in a restraint chair.  (*Id.*).  She alleges that officers, including Defendant Aldridge, denied her requests to press charges, to go to the hospital, and to have her injuries photographed.  (Complaint, PageID 13).  Plaintiff alleges that she asked for medical assistance every day on lockdown following these events because she was having "excruciating headaches," back pain, blurry and painful vision, a blood clot in her eye, and her legs were constantly falling asleep.  (Complaint, PageID 13-14).

4

Plaintiff spent approximately six days on lockdown.  (*Id*.),  When released, she contacted the nurses, Defendants Jane Doe 1 and Jane Doe 2 (later identified as Ricky and Ashley, *see* Doc. 4), telling them about Cassidy's attack and saying that she was "knocked out for a minute" and needed a CAT scan.  (Complaint, PageID 13-14).  This information was apparently not written in Plaintiff's medical notes.  (Complaint, PageID 14).

Plaintiff saw Jane Doe 3, a doctor, "weeks later."  (Complaint, PageID 14).  Plaintiff describes Jane Doe 3 as "argumentative" and says she challenged whether Plaintiff had indeed told the nurses she was knocked out.  (*Id*.).  Jane Doe 3 told Plaintiff she could have had a concussion.  (*Id*.).

Plaintiff had an X-ray on November 15, 2022,[3] but was unsatisfied with this course of treatment and wanted a CAT scan.  (Complaint, PageID 10, 14).  At some later point, she had a CAT scan.  (*See* Plaintiff's January 30, 2023 Motion to Amend Complaint, Doc. 4, PageID 52 (noting that she was billed for a CAT scan at SOMC Hospital (presumably, Southern Ohio Medical Center))).  At the time Plaintiff submitted her Complaint on December 18, 2022, she apparently had not received the CAT scan she wanted.  (*See* Complaint, PageID 10, 14, 23).

Plaintiff also alleges that at other times, prior to the alleged attack, Defendants Aldridge and Davila made fabricated statements that Plaintiff was threatening other inmates, while in truth, Plaintiff was the one being threatened.  (Complaint, PageID 14, 15).  She concludes that the staff at the Scioto County Jail "has done nothing but been racist, tyranny, not honest, bias, practice incite, lazy, and very unconstitutional."  (Complaint, PageID 15).

---

[3] At another place in the Complaint, Plaintiff says she had an X-ray on *October* 15, 2022, but the Undersigned presumes that date is a clerical error, as these events reportedly began on November 6, 2022.  (*See* Complaint, PageID 10).

Finally, in the Complaint and in Plaintiff's motion to amend the Complaint,[4] Plaintiff alleges that the Scioto County Jail does not have a law library or anyone to help inmates with legal materials. (Complaint, PageID 15-16; Doc. 4, PageID 51-52). She further asserts that charging inmates for medical care (such as the bill she received for her CAT scan) violates the Eighth Amendment. (Doc. 4, PageID 52).

Plaintiff raises these claims under 42 U.S.C. § 1983, which requires her to plead "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted). (*See* Complaint, PageID 4). She also invokes Section 1983's federal counterpart, *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), which applies as against certain *federal,* rather than state actors. (Complaint, PageID 4). *See Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014) (noting that *Bivens* and § 1983 actions involve "the same legal principles, except for the requirement of federal action under *Bivens* and state action under § 1983.").

Plaintiff asserts violations of her rights under the Universal Declaration of Human Rights; Article IV of the United States Constitution; and the Fourth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. (Complaint, PageID 4, 8-9). She seeks monetary damages in the amount of $1.5 million plus an unspecified amount for health or mental health damages. (Complaint, PageID 17). Plaintiff asks that Defendants be fired from the Scioto County Jail and barred from working for any local, state, or federal government. (*Id*.).

---

[4] The motion to amend was granted on April 12, 2023. (*See* Doc. 12, PageID 74).

## III.    Discussion

Having reviewed the Complaint (as amended), the Undersigned concludes that some of Plaintiff's claims should proceed to further development at this time. Some claims should be dismissed, for the reasons discussed below.

Before addressing the individual claims, the Undersigned notes that Plaintiff does not allege any *federal* action in the Complaint or name any *federal* officials as defendants here, as would be required for a *Bivens* claim. *See Robertson, supra; Ford v. Batts*, No. 5:17-cv-P94, 2018 WL 912609, at *3 n.1 (W.D. Ky. Feb. 15, 2018) ("A *Bivens* claim . . . is properly brought only against federal officials"). Instead, Plaintiff has named officials or employees allegedly acting under color of *state* law, invoking Section 1983. Any *Bivens* claim(s) brought herein should be **DISMISSED**. The following discussion pertains to Plaintiff's claims under Section 1983.

### A.    Claims Against the Scioto County Sheriff Office

Plaintiff has not specifically articulated her claims against this defendant, but the claims about the inadequacy of legal materials available to inmates,[5] the practice of charging inmates for medical care,[6] the Jail's ineffective grievance procedure,[7] and the temperature at the Jail

---

[5] "[I]n *Lewis v. Casey*, 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1997), the Supreme Court indicated that its previous decision in [*Bounds v. Smith*, 430 U.S. 817, 828 (1977)] did not create 'an abstract, freestanding right to a law library or legal assistance.' Thus, an inmate cannot establish an actual injury simply by demonstrating that a prison or jail law library or legal assistance program is 'subpar in some theoretical sense.' *Id.* at 351. Because 'meaningful access to the courts is the touchstone,' an inmate must therefore establish that any shortcomings in a law library or legal assistance program hindered his or her efforts to pursue a legal claim." *Rhone v. Wayne Cnty. Prosecutor's Off.*, No. 13-13400, 2013 WL 5775475, at *3 (E.D. Mich. Oct. 25, 2013).

[6] "It is constitutional to charge inmates a small fee for health care where indigent inmates are guaranteed service regardless of ability to pay." *White v. Corr. Med. Servs. Inc.*, 94 F. App'x 262, 264 (6th Cir. 2004) (citing *Reynolds v. Wagner*, 128 F.3d 166, 173-74 (3d Cir.1997) (rejecting "the plaintiffs' argument that charging inmates for medical care is *per se* unconstitutional. If a prisoner is able to pay for medical care, requiring such payment is not 'deliberate indifference to serious medical needs.'").

[7] "[T]here is no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003). Thus, the "denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). *See also Grinter v. Knight*, 532 F.3d

appear to have been pled as against this defendant. (*See* Complaint, PageID 8, 15-16; Doc. 4, PageID 51-52).

The Scioto County Sheriff Office it is not a proper defendant in a Section 1983 action. As this Court has explained:

> Plaintiff has not stated an actionable claim for relief against [the Scioto County Jail and Sheriff's Department] because **they are not legal entities that are capable of being sued**. *See, e.g.*, *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (in affirming the dismissal of a complaint on screening for failure to state an actionable claim under § 1983, the Sixth Circuit held that the county jail was a "department of the county" and "not a legal entity susceptible to suit"); *Hawk v. Richland Cnty. Jail*, No. 1:12-cv-326, 2012 WL 2742550, at *3 (and cases cited therein) ("Neither the County Jail nor the . . . County Sheriff's Department is a legal entity capable of being sued for purposes of § 1983."); *Coffey v. Miami Cnty. Jail*, No. 3:05-cv-383, 2007 WL 316262, at *1, *2 (S.D. Ohio Jan. 29, 2007) (holding that the plaintiff had failed to state a claim for relief against the county jail because the jail was "neither a 'person' under § 1983 nor an entity capable of being sued under § 1983"); *see also DiBiase v. Lake Cnty. Detention Facility*, No. 1:12-cv-944, 2012 WL 3061448, at *2 (N.D. Ohio July 26, 2012) (and cases cited therein); *Barnes v. Cuyahoga Cnty. Jail*, No. 1:09-cv-2671, 2010 WL 148136, at *1 (N.D. Ohio Jan. 12, 2010) (and cases cited therein).

*Cook v. Scioto Cnty. Jail*, No. 1:20-cv-22, 2020 WL 1031491, at *2 (S.D. Ohio Mar. 3, 2020), *report and recommendation adopted*, 2020 WL 1322066 (S.D. Ohio Mar. 20, 2020) (emphasis added). *See also Hughes v. Donini*, No. 1:13-cv-569, 2013 WL 5521671, at *1 (S.D. Ohio Oct. 3, 2013) (dismissing claims against the Scioto County Sheriff's Department because it is not a legal entity capable of being sued). All of Plaintiff's claims against the Scioto County Sheriff Office here should likewise be **DISMISSED**.

Plaintiff may have named the Sheriff Office in an attempt to raise claims against Scioto County itself. As discussed next, her claims against the remaining Defendants *in their official capacities* in effect do so.

---

567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.").

### B.     Official Capacity Claims

Plaintiff sues Defendants in both their individual and official capacities.  (Complaint, PageID 3-6).  "While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent."  *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (cleaned up) (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)).  Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity."  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Applied here, Plaintiff's official capacity claims are advanced against Scioto County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  "To state a municipal-liability claim under § 1983, the plaintiff must allege the deprivation (1) of a right secured by the Constitution or laws of the United States, (2) that was directly caused by a municipal policy or custom."  *Nichols v. Wayne Cnty. Mich.*, 822 F. App'x 445, 448 (6th Cir. 2020) (citing *Hardrick v. City of Detroit,* 876 F.3d 238, 243 (6th Cir. 2017)).

A plaintiff may prove an unconstitutional "policy" or "custom" by demonstrating one of the following:  "(1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations."  *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005)).

Here, Plaintiff has not plausibly alleged any facts upon which the Court could rely to conclude that an official policy or custom of Scioto County resulted in the violation of her constitutional rights.[8]  Consequently, the claims against the individual Defendants *in their official capacities* should be **DISMISSED**.

The remaining discussion concerns claims against Defendants in their *individual* capacities.

### C.    Eighth, Fourteenth, and Fourth Amendment Claims

Plaintiff cites the Eighth Amendment to the United States Constitution with respect to her claims against several Defendants, presumably with respect to her claims of excessive force, failure to protect, and the denial of medical care.  (Complaint, PageID 4, 8-9).  She also cites to the Fourth Amendment with respect to her excessive force claim.  (Complaint, PageID 8).

It is true that "the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Prison officials also have an obligation under the Eighth Amendment "to take reasonable measures to guarantee the safety of the inmates" in their custody. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984).  And, the Eighth Amendment further "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).

The Eighth Amendment protects prisoners who have been convicted, while pretrial detainees—like Plaintiff was at the time these events allegedly occurred—are protected instead

---

[8] Plaintiff does allege that many of the Defendants (and others) gave fabricated statements against her, which this Court might liberally construe to be an allegation that Scioto County tolerates such behavior.  But as explained in Section III.D, no *constitutional* right is implicated in such a claim.

by the Due Process Clause of the Fourteenth Amendment.  *See Burgess v. Fischer*, 735 F.3d 462,

472 (6th Cir. 2013) ("the Eighth Amendment's ban on cruel and unusual punishment bars

excessive force against convicted persons" and the Fourth Amendment applies to free citizens,

but "[w]hen a citizen does not fall clearly within either category—e.g., pretrial detainees—the

Fourteenth Amendment's more generally applicable Due Process Clause governs to bar a

governmental official's excessive use of force."); *Westmoreland v. Butler Cnty., Ky.*, 29 F.4th

721, 727 (6th Cir. 2022) (the Eighth Amendment requires prison officials to protect prisoners

from violence at the hands of other prisoners, but [t]he Due Process Clause of the Fourteenth

Amendment provides the same protections to pretrial detainees"); *Howell v. NaphCare, Inc.*, No.

21-4132, 2023 WL 3163323, at *3 (6th Cir. May 1, 2023) (citing *Richmond v. Huq*, 885 F.3d

928, 937 (6th Cir. 2018)) ("Both pretrial detainees . . . and convicted prisoners have a

constitutional right to be free from deliberate indifference to their serious medical needs. For a

pretrial detainee, the right arises under the Fourteenth Amendment, while a prisoner's right

comes from the Eighth Amendment.").  The protection offered by the Fourteenth Amendment is

not a lesser protection.  *See Greene v. Crawford Cnty., Michigan*, 22 F.4th 593, 605 (6th Cir.

2022) ("The Supreme Court has recognized that due process rights to medical care are at least as

great as the Eighth Amendment protections available to a convicted prisoner") (cleaned up).

The Fourth Amendment may apply to a use-of-force inquiry when force is used against a

free citizen, *see Burgess,* 735 F.3d at 472, or against a detainee during the time from "arrest

through at least the booking process" and until the probable cause hearing.  *See Collett v.

Hamilton Cnty., Ohio*, No. 1:17-cv-295, 2019 WL 121360, at *5 (S.D. Ohio Jan. 7, 2019) (citing

*Aldini,* 609 F.3d at 866-67)).  Here, the alleged use of force occurred later in time (on November

11

6, 2022), after Plaintiff had been arrested, booked, and arraigned, and afforded a preliminary hearing.

Specifically, it appears that Plaintiff was arrested on October 23, 2022. *See Lucas v. Lewis*, No. 1:22-cv-741, 2023 WL 2154680, at *1 (S.D. Ohio Feb. 22, 2023). The Portsmouth County Municipal Court's records reflect an arraignment on October 24, 2022, and a preliminary hearing on October 27, 2022. *See* Case Nos. CRA2201260A and CRA2201260B, available by name or case number search at https://www.pmcourt.org/recordSearch.php (last accessed May 6, 2023).[9] *See also Lucas v. Lewis*, No. 1:22-cv-741, 2023 WL 235182, at *3 (S.D. Ohio Jan. 18, 2023) (report and recommendations) (noting that evidence was given against Plaintiff at her preliminary hearing on October 27, 2022).

Accordingly, on November 6, 2022, Plaintiff was no longer a "free citizen" or in the process of arrest, but a pretrial detainee awaiting trial after a finding of probable cause. Her recourse is therefore through the Due Process Clause of the Fourteenth Amendment. *Burgess,* 735 F.3d at 472; *see Ash v. Boone Cnty., Ky.*, No. CIV.A. 09-190, 2011 WL 4431820, at *5 n.5 (E.D. Ky. Sept. 22, 2011) (rejecting argument the Fourth Amendment, rather than Fourteenth Amendment, should apply to pretrial detainee against whom probable cause had already been found).

Because neither the Eighth nor the Fourth Amendment applied to Plaintiff for purposes of her excessive force, failure to protect, and medical care claims, her claims thereunder should be **DISMISSED**. Plaintiff's Fourteenth Amendment claims are discussed next.

---

[9] This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

1.      **Excessive Force and/or Failure to Protect Claim Against Officer
        Cassidy**

Plaintiff appears to raise a claim of excessive force and/or failure to protect against

Defendant Cassidy.  (Complaint, PageID 8, 11-12).  Without the benefit of an Answer or further

briefing, the Undersigned concludes that these claims should **PROCEED** to further development

under the Fourteenth Amendment, against Cassidy in his individual capacity.

2.      **Medical Care Claims Against Nurse Ricky, Nurse Ashley, Jane Doe 3
        Doctor, and Sgt. Aldridge**

The Undersigned concludes that Plaintiff's claim alleging the denial of medical care

should **PROCEED** to further development under the Fourteenth Amendment, against

Defendants Ricky, Ashley, and Aldridge, in their individual capacities.

Plaintiff's allegations against Jane Doe 3 Doctor, however, do not rise to the level of a

constitutional violation.  The only allegations specific to the Doctor are as follows:

> I'd seen the doctor (JANE DOE 3) weeks later. I told her what happen[ed] and She
> wanted to be argumentative indicating I never stated I was knocked out. I told her
> that I told JANE DOE (1) and (2) that I got knocked out by Cassidy. She stated it
> was not written down in her notes. She looked inside my eyes and told me I
> could've had a concussion.

(Complaint, PageID 14).

Plaintiff does not allege that the Doctor was present and refused to treat her in the weeks

before this visit.  Plaintiff does not allege that the Doctor concluded she had a concussion at the

time she was examined and the Doctor refused to treat Plaintiff then.  Rather, Plaintiff's primary

concern appears to be ensuring that her medical record contained accurate notes.  But Jane Doe 3

Doctor did not write the notes.  And being "argumentative" about what is written in a medical

note is not enough to satisfy the standard for deliberate indifference to a serious medical need.

*See Howell v. NaphCare, Inc.*, No. 21-4132, 2023 WL 3163323, at *4 (6th Cir. May 1, 2023)

(quoting *Brawner v. Scott County*, 14 F.4th 585, 596 (6th Cir. 2021) and *Farmer*, 511 U.S. at

13

836) ("a pretrial detainee must make a showing (1) that she had an objectively serious medical need and (2) that each defendant acted deliberately and also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.") (cleaned up). As Plaintiff has not pled any facts with respect to Jane Doe 3 Doctor from which the Court could plausibly find a constitutional violation, the claims against her should be **DISMISSED**.

### 3. Equal Protection Claim

Plaintiff raises an equal protection claim under the Fourteenth Amendment, although she does not link this citation to any particular facts. (Complaint, PageID 8). The claim may be in reference to her assertion that Cassidy's attack "was a racist act, due to the fact that inmates and CO's attacked L'Kizah Walters and myself. We are the only females of colour." (*See* Complaint, PageID 11). Inmate Walters, according to the Complaint, was "slammed" by another inmate, rather than by correctional officers, after Walters intervened in the events. (*See* Complaint, PageID 12).

The Undersigned recognizes that "[p]risoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (citing *Lee v. Washington*, 390 U.S. 333 (1968)). But "vague, conclusory allegations of racial discrimination are not enough to state an equal protection claim." *Jackson v. Madery*, 158 F. App'x 656, 659 (6th Cir. 2005), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018). *See also Bishawi v. Ne. Ohio Corr. Ctr.,* 628 F. App'x 339, 344-45 (6th Cir. 2014) ("Conclusory equal protection claims, without specific factual allegations, are inadequate to state a civil rights claim.").

To state an equal protection claim, a prisoner must allege sufficient plausible facts to show "that a state actor intentionally discriminated against [him] because of membership in a

14

protected class." *Henry v. Metro. Sewer Dist.,* 922 F.2d 332, 341 (6th Cir. 1990) (internal quotation marks omitted), *abrogated in part on other grounds by King v. Harwood*, 853 F.3d 568, 580 n.4 (6th Cir. 2017); *see also Herron v. Harrison,* 203 F.3d 410, 417 (6th Cir. 2000); *Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995) (citing *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 255-56 (1995)).

Plaintiff does not do that here.  Although the Complaint could be read to allege that Plaintiff was attacked by Defendant Cassidy because of her race, she does not point to any *facts* from which the Undersigned could plausibly reach that conclusion.  Plaintiff herself described the interaction as precipitated by a conversation and a set of unfollowed instructions:  to go lock down in her cell, to which she replied that she would lock down in booking; to go to booking, after which she went to her cell.  (Complaint, PageID 11-12).  There is no information about how Cassidy treated other inmates.  The Undersigned cannot infer from the allegations in the Complaint that Plaintiff received disparate treatment or unequal protection of any law, or that distinct protection was offered to similarly situated prisoners but not to her.  *See Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986).  Her equal protection claim should therefore be **DISMISSED**.

### D.    Fabricated Statements

Plaintiff alleges that several Defendants (and non-parties) made false or "fabricated" statements about her.  (*See, e.g.*, Complaint, PageID 15 (Cassidy's statement against her is a "whole fabrication"); PageID 13 (Aldridge knowingly took false statements); PageID 14 (Jane Doe 1 or Jane Doe 2 fabricated her medical notes); PageID 14 (several correctional officers made fabricated statements that "the Common Pleas Court of Scioto County [is now] trying to hold" against Plaintiff); PageID 14, 15 (Aldridge and Davila made false statements that Plaintiff

was threatening other inmates); PageID 15 (Correctional Officers Tackett and Thomas made fabricated statements)).

Although potentially relevant to Plaintiff's other claims, these allegations do not independently state a claim under Section 1983. The Sixth Circuit has said that "[a] prisoner has no constitutional right to be free from false accusations of misconduct." *Brown v. McCullick*, No. 18-2226, 2019 WL 5436159, at *4 (6th Cir. Apr. 23, 2019) (quoting *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003)). "Erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right." *Johnson v. Osborne*, No. 1:21-cv-3, 2021 WL 2077908, at *3 (S.D. Ohio Apr. 27, 2021), *report and recommendation adopted*, 2021 WL 2093258 (S.D. Ohio May 24, 2021). Thus, to the extent that Plaintiff asserts that these Defendants violated her federal rights by making false statements about her, she has failed to state a claim on which relief may be granted under Section 1983. Any claims based solely on the alleged fabricated statements should be **DISMISSED**. With respect to the named Defendants, this includes claims against Defendants Cassidy, Ricky, Ashley, Thomas, Aldridge, and Davila.

### E. <u>Claims Against Officer Ness</u>

Plaintiff names Correctional Officer Andy Ness as a defendant. (Complaint, PageID 2, 6). However, the Undersigned is unable to locate any specific allegations about Ness in the Complaint. The Sixth Circuit has held that "[m]erely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004). "Damage claims against government officials arising from alleged violations of constitutional rights must allege facts that demonstrate what *each* defendant did that violated the asserted constitutional right." *Culberson v. Franklin Cnty. Correction*, No. 2:22-cv-3671, 2022

16

WL 17600955, at *3 (S.D. Ohio Dec. 13, 2022), *report and recommendation adopted*, 2023 WL

3180755 (S.D. Ohio May 1, 2023) (cleaned up and citations omitted). Any claims asserted

against Ness should be **DISMISSED.**

### F. Claims Under the Universal Declaration of Human Rights (UDHR)

Plaintiff alleges that Defendants violated several articles of the UDHR. (Complaint,

PageID 4, 8-9). She fails to state a claim in this respect. As one court explained:

> [T]he Universal Declaration of Human Rights is not a treaty or international
> agreement that imposes legal obligations. *See Sosa v. Alvarez-Machain*, 542 U.S.
> 692, 734 (2004) ("[T]he Declaration does not of its own force impose obligations
> as a matter of international law."). Rather, it is a statement of principles aimed at
> providing a common standard for international human rights. *Id.* at 734-35.

*See Curtis v. Hardin*, No. 5:17-cv-P85, 2017 WL 2682282, at *9 (W.D. Ky. June 21, 2017)

(dismissing all such claims because the UDHR "is not enforceable in American courts"). *See*

*also Tellis v. M.*, No. 1:22-cv-732, 2022 WL 4363907, at *8 (W.D. Mich. Sept. 21, 2022)

(dismissing all claims under the UDHR); *Cooper Butt ex rel Q.T.R. v. Barr*, 954 F.3d 901, 905

(6th Cir. 2020) (noting that the UDHR does not "create a judicially-enforceable cause of

action"). All claimed based on the denial of rights under the UDHR should therefore be

**DISMISSED**.

### G. Allegations about Non-Parties

Plaintiff describes actions by several people other than the named Defendants in the

Complaint, some of whom were correctional officers and some of whom were inmates. (*See,*

*e.g.*, Complaint, PageID 11-12 (alleging that Inmate Mary Francis attacked Plaintiff and that

Officers Cooper and Shepard locked Plaintiff in a restraint chair); PageID 13 (Inmate Francis and

Inmate Katherine Stroud bit corrections officers to make it look like Plaintiff bit them); PageID

14-15 (Sgt. Shope moved Plaintiff for lockdown); PageID 15 (Correctional Officer Tackett

17

closed Plaintiff's hand in the cell door and taunted her); PageID 16 (Captain Damon Roberts purchased some, but not enough legal books for inmates)).

Because none of these individuals have been named as defendants here, the Complaint fails to state a claim on which relief may be granted with respect to them.  *See Chapple v. Franklin Cnty.*, No. 2:21-cv-5086, 2022 WL 856815, at *16 (S.D. Ohio Mar. 23, 2022), *report and recommendation adopted as modified sub nom. Chapple v. Franklin Cnty. Sheriff's Officers FCCC 1 & 2*, 2022 WL 16734656 (S.D. Ohio Nov. 7, 2022) (citing *Shipp v. CoreCivic*, No. 16-2891, 2018 WL 4265259, at *5 (W.D. Tenn. Sept. 6, 2018) (declining to analyze and recommending dismissal of allegations against non-parties).  These claims should also be **DISMISSED**.

### H.    Claims on Behalf of Other Inmates

Plaintiff also describes actions taken *against* other inmates at the jail.  (*See, e.g.*, Complaint, PageID 11 (alleging the Inmate L'Kizah Walters was also attacked); PageID 13 (alleging that Aldridge fabricated a statement against Inmate Walters); PageID 16 (alleging that the inmates always catch colds and earaches)).

To the extent the Complaint seeks to raise claims on behalf of other inmates, those claims should be dismissed.  Although these allegations may be relevant to Plaintiff's other claims,  a prisoner does not have standing to bring a Section 1983 claim on behalf of other inmates.  *See Corn v. Sparkman,* 82 F.3d 417, 1996 WL 185753, at *1 (6th Cir. Apr. 17, 1996) (unpublished table decision) ("A prisoner cannot bring claims on behalf of other prisoners. A prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights.") (citation omitted); *Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011) (citing *Jones v. Caruso,* 569 F.3d 258, 276-77 (6th Cir. 2009)).  To the extent that Plaintiff seeks to bring claims on other inmates' behalf, the claims should be **DISMISSED**.

18

### I.     <u>Other Claims</u>

Plaintiff includes claims under the Full Faith and Credit Clause of the United States

Constitution, which provides:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

U.S. Const. Art. IV, § 1. (Complaint, PageID 8-9 (raising such claims against four Defendants)).

Plaintiff does not articulate, and the Undersigned cannot otherwise ascertain, how this provision

may have been violated by the facts as alleged in the Complaint.

Plaintiff similarly raises claims under the Privileges and Immunities Clause of the

Fourteenth Amendment, which provides that "[no] State shall make or enforce any law which

shall abridge the privileges or immunities of citizens of the United States[.]" U.S. Const.

Amend. XIV, § 1. (*See* Complaint, PageID 8). The Undersigned is likewise unable to tell what

Plaintiff's claims might be in this respect.

Finally, Plaintiff raises a claim under the Thirteenth Amendment's "protection of slavery,

involuntary servitude." (*See* Complaint, PageID 8 (raising a claim against Defendant Cassidy)).

Other than the rhetorical link between the Thirteenth Amendment and Plaintiff's allegation that

Cassidy's attack was a "racist act," the Undersigned is unable to discern in the Complaint a

plausible allegation that the Thirteenth Amendment has been violated.

Courts "are not required to conjure up allegations not pleaded or guess at the nature of an

argument," and the Undersigned will not do so here. *Brown v. Wal-Mart Stores, Inc.*, 507 F.

App'x 543, 547 (6th Cir. 2012). Because Plaintiff has not plausibly articulated any claims with

respect to these constitutional provisions, any claims thereunder should be **DISMISSED**.

**IV.     Summary and Conclusion**

The Undersigned has screened the Complaint (as amended) as required by 28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2), and will allow following claims to **PROCEED** to further development at this time:

1.     an <u>excessive force</u> and/or <u>failure to protect</u> claim under the Fourteenth Amendment against Correction Officer (CO) Cassidy, in his individual capacity; and

2.     <u>deliberate indifference to serious medical needs</u> claim(s) under the Fourteenth Amendment against Jane Doe 1 RN (Ricky), Jane Doe 2 Nurse (Ashley), and Sgt. Kenneth Aldridge, in their individual capacities.

The Undersigned expresses no opinion on the merits of these claims at this time.

Plaintiff has provided addresses for Defendants in the Complaint (PageID 4-6); for Cassidy, she has provided an updated address in the motion to amend the Complaint (Doc. 4, PageID 51).  Plaintiff is **ORDERED** to provide a completed summons form, U.S. Marshal Form, and service copy of the Complaint for each of the remaining four Defendants so that service of process can be accomplished.  The Clerk is **DIRECTED** to send Plaintiff blank copies of the forms for her use.  Plaintiff must return the completed forms and service copies **within thirty days** of the date of this Order.

The Undersigned also **RECOMMENDS** that:

A.     The Court **DISMISS** the remaining claims pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2).  This includes all the claim against Scioto County Sheriff Office, Jane Doe 3 Doctor, and Correctional Officers Thomas, Davila, and Ness. It also includes any *Bivens* claim, all the official capacity claims, all claims under the Eighth, Fourth, and Thirteenth Amendments, all claims under the Privileges

20

and Immunities Clause and Article IV of the United States Constitution, all claims

under Universal Declaration of Human Rights, all claims concerning fabricated

statements, claims against non-parties, and claims on behalf of other inmates.

B.    The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons

discussed above, an appeal of any Order adopting this Report and

Recommendations would not be taken in good faith, and therefore, deny Plaintiff

leave to appeal *in forma pauperis. See McGore v. Wrigglesworth*, 114 F.3d 601

(6th Cir. 1997).

## V.    Notice Regarding Objections to this Report and Recommendations

If any party objects to this Report and Recommendations ("R&R"), the party may serve

and file specific, written objections to it **within fourteen days** after being served with a copy

thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to

and shall be accompanied by a memorandum of law in support of the objections. The Court may

extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to

which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. §

636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a

waiver of the right to have the District Judge review the R&R de novo, and will also operate as a

waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v.

Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

May 15, 2023                              /s/*Stephanie K. Bowman*
                                         STEPHANIE K. BOWMAN
                                         UNITED STATES MAGISTRATE JUDGE